**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DANNY LEE GREEN, )<br>)<br>Defendant. ) | Case No.  CR-89-0103-F |

### ORDER

Defendant Danny Lee Green's "Motion for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)," filed August 15, 2005, is before the court. (Doc. no. 650). The government has responded, and the motion is ready for determination.

Defendant moves the court for a modification of his sentence under 18 U.S.C. § 3582(c)(2). That statute states, in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that...in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has <u>subsequently</u> been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant...,the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  (Emphasis added.)

At the time of defendant's sentencing on November 27, 1989, the district court had the authority under USSG § 3E1.1(1989) to reduce defendant's base offense level by two levels for acceptance of responsibility. The "note" upon which defendant appears to rely concerning the application of § 3E1.1 to career offenders follows the

text of USSG § 4B1.1(1989) (regarding career offenders) and was also in effect at the time of defendant's sentencing.[1] Nor has defendant identified any other amendments to the guidelines which took effect after defendant's sentencing, as grounds for his motion. Thus, there has not been "a sentencing range that has subsequently been lowered by the Sentencing Commission," as required by the language of 18 U.S.C. §3582(c)(2), the statute upon which defendant relies. Moreover, the applicable policy statement, at USSG §1B1.10(c)(2004), lists amendments to the sentencing guidelines which are covered by 18 U.S.C. § 3582(c)(2). Defendant does not cite any of the amendments which are listed in §1B1.10(c).

A court has no inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization. United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997). As stated above, the statute upon which defendant relies does not apply because there has been no lowering of the sentencing range subsequent to defendant's sentencing.

For these reasons, after careful consideration of the parties' submissions and the relevant authorities, defendant's motion for modification of his sentence is **DENIED**.

Dated this 4th day of October, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

89-0103p002(pub).wpd

---

[1]The following statement appears after the text of USSG § 4B1.1(1989): "*If an adjustment from § 3E1.1 (Acceptance of Responsibility) applies, decrease the offense level by 2 levels."