**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CR-89-0103-F |
| | ) |
| DANNY LEE GREEN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Two motions are before the court: defendant's motion for modification of sentence pursuant to 18 U.S.C. § 3582(e)(2), filed September 8, 2006 (doc. no. 660); and defendant's motion to withdraw plea of guilty, filed September 25, 2006 (doc. no. 663) (a letter construed by the court as a motion, see order at doc. no. 665). Both motions have been fully briefed and are ready for determination.

I. Motion for Modification of Sentence

Plaintiff's most recent previous motion to modify his sentence was denied by this court on October 4, 2005. (Doc. no. 658.) The instant motion for modification of plaintiff's sentence argues that retroactive application of Amendment 506 to the Sentencing Guidelines affects the determination of the statutory maximum of his offense of conviction. However, United States v. Novey, 78 F.3d 1483 (10th Cir. 1996) held Amendment 506 invalid as not within the scope of the Sentencing Commission's authority. Id. at 1491. Plaintiff's reply brief argues that Novey should not apply because the government chose not to file a notice of enhancement pursuant to § 851(a)(1) in his case. Without passing on the accuracy of plaintiff's statement, the court rejects his argument as nothing in Novey suggests that Amendment 506 is anything other than invalid, regardless of exactly how events regarding sentencing

-2-

unfolded. Accordingly, after careful consideration of the parties' arguments, defendant's motion to modify is **DENIED**.

## II.  Motion to Withdraw Plea of Guilty

Defendant moves to withdraw his guilty plea, over 17 years since he was first sentenced and over 17 years since he first asked the court to allow him to withdraw that plea, three days after he pled guilty. (After a hearing on that first motion to withdraw, defendant's request was denied. Since that time, defendant has filed various motions challenging his convictions and sentences. All of those challenges have been rejected by the district court, and all appealed orders have been affirmed.) After sentencing, a guilty plea may be vacated or withdrawn only to prevent manifest injustice. United States v. Gines, 964 F.2d 972, 979 (10th Cir. 1992). Defendant's two-paragraph, conclusory letter (construed by the court as his most recent motion to withdraw), states no facts or law which show that a manifest injustice has occurred in this case. Accordingly, after careful consideration of the parties' arguments, defendant's motion to withdraw his guilty plea is **DENIED**.

Dated this 4th day of December, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

89-0103p004(pub).wpd